■ ROBERT L. WEBER, as Director and Shareholder and in the Right of Cayuga Village, Inc., and on the Behalf of Himself and All Other Shareholders Similarly Situated, Respondent-Appellant, v QUAIN WEBER et al., Appellants-Respondents. [624 NYS2d 1021] —Order unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: This action arises out of a dispute among family members who are the only shareholders and directors of Cayuga Village, Inc., a New York corporation that operates a mobile home park. The certificate of incorporation of the corporation provides that each of the four directors as owners have "equal rights and privileges except as otherwise provided in [the] Certificate of Incorporation". The certificate provides, *inter alia,* that the "unanimous vote or consent of all directors of the corporation shall be necessary" to conduct 15 specified items of business. Paragraph 6 (i) provides that the unanimous vote of all directors is necessary to "approve or ratify the operating budget of the corporation". At a directors' meeting held in June 1993, a motion to increase the rents charged to occupants of the mobile home park was approved by a majority vote. Plaintiff voted against the rent increase.

Plaintiff commenced the instant action pursuant to Business Corporation Law § 720. The first cause of action seeks a declaration that defendants' decision to increase the rental rates is void as not being approved by the unanimous vote and consent of all directors. Following joinder of issue, defendants brought a motion for partial summary judgment dismissing plaintiff's first cause of action. Plaintiff brought a cross motion for partial summary judgment on his first cause of action. Supreme Court denied both motions.

Defendants on their appeal and plaintiff on his cross appeal agree that the sole issue for our determination is whether the certificate of incorporation requires the unanimous consent of all directors to raise the rent of tenants.

We conclude that the decision to increase rental rates is not a "specified item of business" that, under the provisions of the certificate of incorporation, requires the unanimous consent of all directors of the corporation (Business Corporation Law § 709 [a] [2]). As a general rule, any action by the board requires a majority vote (Business Corporation Law § 708 [d]). The majority-vote rule set forth in Business Corporation Law § 708 may, however, be altered where the certificate of incorporation contains provisions specifying that "the proportion of votes of directors that shall be necessary for the transaction of business or of *any specified item of business* shall be greater than the proportion prescribed by this chapter in the absence of such provision" (Business Corporation Law § 709 [a] [2]; emphasis added). In accordance with the provisions of Business Corporation Law § 709 (a) (2), the certificate of incorporation of Cayuga Village, Inc., contains a "supermajority" provision that sets forth specified items of business requiring the unanimous vote or consent of all directors of the corporation. None of those enumerated items specifically refers to rent or rent increases. We reject the contention of plaintiff that paragraph 6 (i) of the certificate, which requires unanimous consent to approve or ratify "the operating budget" of the corporation, by implication, requires unanimous consent to raise the rents.

Thus, we modify the order on appeal by granting judgment in favor of defendants declaring that the decision of the directors to increase the rental rates was properly approved by the majority vote of the directors. (Appeals from Order of Supreme Court, Niagara County, Koshian, J.—Declaratory Judgment.) Present—Green, J. P., Pine, Callahan, Doerr and Davis, JJ.